**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HERMAN FULWILEY,

     Plaintiff,

v.

MUNICIPAL COLLECTION SERVICES, INC.,

     Defendant.

Case No.1:18-cv-03328

**CLASS ACTION COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, HERMAN FULWILEY, by and through his attorneys, and for his class action Complaint against the Defendant, MUNICIPAL COLLECTION SERVICES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1.    This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendant, in negligently, knowingly and/or willfully placing through its agent(s), automated calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.    According to the Federal Communications Commission's website, accessed on May 6, 2018 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects home voice or personal wireless phone numbers. You can register your numbers on the national Do Not Call list by phone or on the Internet at no cost… Callers are prohibited from making telephone solicitations to any

numbers on the Do Not Call list. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers. Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Plaintiff resides within the Northern District of Illinois.

## PARTIES

5.      Plaintiff is an individual who was at all relevant times residing in the City of Chicago Heights, County of Cook, and State of Illinois.

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      Defendant is a "person" as defined by 47 U.S.C. § 153(39), as it is a corporation.

8.      On information and belief, Defendant is a corporation of the State of Illinois, whose principal place of business is located in Palos Heights, Illinois.

9.      On information and belief, at all times relevant hereto, Defendant was engaged in the business of debt collection.

## FACTS COMMON TO ALL COUNTS

10.     On or about November 3, 2017, Defendant placed a telephone call to Plaintiff's cellular telephone number ending in -4567.

11.     Defendant's representative told Plaintiff during this call that he owed money for the registration of his vehicle.

12.     Plaintiff revoked his consent for Defendant to contact him at this time by requesting, through Defendant's representative, that Defendant cease placing telephone calls to him.

13.     On or about November 6, 2017, Defendant placed another call to Plaintiff on his cellular telephone regarding the same alleged vehicle registration debt.

14.     On or about November 13, 2017, Defendant placed another call to Plaintiff on his cellular telephone regarding the same alleged vehicle registration debt.

15.     On or about November 26, 2017, Defendant placed another call to Plaintiff on his cellular telephone regarding the same alleged vehicle registration debt.

16.     On or about November 27, 2017, Defendant placed another call to Plaintiff on his cellular telephone regarding the same alleged vehicle registration debt.

17.     On or about November 28, 2017, Defendant placed another call to Plaintiff on his cellular telephone regarding the same alleged vehicle registration debt.

18.     On or about January 10, 2018, Defendant placed two more calls to Plaintiff on his cellular telephone regarding the same alleged vehicle registration debt.

19.     Defendant has continued to place calls to Plaintiff on his cellular telephone regarding the same alleged vehicle registration debt through at least May 2, 2018.

20.     When Plaintiff answered the calls Defendant placed to his cellular telephone, he would experience a delay before a live representative of Defendant connected to the call, which is indicative of the use of an automated telephone dialing system, as defined under the TCPA.

21.     When Plaintiff did not answer the calls Defendant placed to his cellular telephone, he would sometimes receive a prerecorded voicemail message asking him to return the call.

22.     On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

23.     On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

24.     On information and belief, Defendant routinely uses an automatic telephone dialing system, and artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

25.     Plaintiff did not give Defendant his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact him in this manner was terminated and revoked.

26.     Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

27.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include but are not limited to, the following:

    a.  Invasion of privacy;

    b.  Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    c.  Wasting Plaintiff's time;

    d.  Risk of personal injury due to interruption and distraction when receiving unwanted calls from Defendant;

       e.   Depletion of Plaintiff's cellular telephone battery;

       f.   The cost of electricity to recharge Plaintiff's cellular telephone battery; and

       g.   Stress, aggravation, frustration, emotional distress and mental anguish.

## CLASS ALLEGATIONS

28.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows:

> All persons or entities within the United States who received any automated telephone calls placed by or on behalf of Defendant and/or artificial or prerecorded voice messages left by or on behalf of Defendant, without the consent of the recipient, within four years prior to the filing of this Complaint.

29.    Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30.    The Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds, if not thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

31.    This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

32.     There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

        a.     Whether the Class members' telephone numbers were called by Defendant without Defendant having obtained proper consent to place such calls;

        b.     Whether the Class members received artificial or prerecorded voice messages from Defendant without Defendant having obtained proper consent for the recipients;

        c.     Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing automated telephone calls to the Class members without proper consent; and

        d.     Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, by leaving artificial or prerecorded voice messages for the class members without proper consent.

33.     As a resident of the United States whose telephone number was called by Defendant on multiple occasions without Plaintiff's prior express consent, and who received artificial or prerecorded voice messages from Defendant, Plaintiff is asserting claims that are typical of the Class.

34.     Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

35.     Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

36.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

37.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

38.     Defendant has acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

39.     Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b), as to the Class members with respect to the above-alleged transactions.

40.     The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United

States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

41. In multiple instances, Defendant called the Class members without the members' prior express consent, and left artificial or prerecorded voice messages for the Class members, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

42. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 42 above as if reiterated herein.

44. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

47.  Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 46 above as if reiterated herein.

48.  The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

49.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

50.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.  An order certifying the Class and appointing Plaintiff as Representative of the Class;

b.  An order certifying the undersigned counsel as Class Counsel;

c.  An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful, unfair, deceptive and unconscionable conduct herein;

d.  Judgment against Defendant in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendant;

e.      Judgment against Defendant in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendant;

f.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

g.      Judgment against Defendant for Plaintiff's court costs and other litigation costs; and

h.      Any other relief deemed just and proper by this Court.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

HERMAN FULWILEY

By:    /s/ David B. Levin
       Attorney for Plaintiff
       Illinois Attorney No. 6212141
       Law Offices of Todd M. Friedman, P.C.
       333 Skokie Blvd., Suite 103
       Northbrook, IL 60062
       Phone: (312) 218-0882
       Fax: (866) 633-0228
       dlevin@toddflaw.com

### CERTIFICATE OF SERVICE

I hereby certify that, on May 9, 2018, a copy of the foregoing Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff